UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, M.D., M.P.H., for herself and those similarly situated, *aka* Marie A. Faltas, *aka* Marie-Therese Assa'ad-Faltas, *aka* Marie Therese H. Assa'ad-Faltas,<br><br>          Plaintiff,<br><br>vs.<br><br>The South Carolina Supreme Court, solely in its legislative capacity;<br>The State of South Carolina ["the State'];<br>The City of Columbia, SC ["the City"];<br>unknown-named agents of the City in official capacity;<br>Dana M. Thye;<br>Robert G. Cooper, individually and officially,<br><br>          Defendants. | ) C/A No. 3:05-3283-TLW-JRM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

## **PROCEDURAL HISTORY**

This case arises out of an incident that occurred on November 6, 2001, at the Wal Mart store located on Garner's Ferry Road in Columbia, South Carolina. The case was tried before Judge Steven D. Dennis of the Columbia Municipal Court. The judge found the Defendant, Marie Assa'ad Faltas (Faltas), guilty of shoplifting.

Thereafter, Faltas, who was proceeding *pro se,* made several motions to reopen the case based on newly discovered evidence. These motions were not heard until the South Carolina Court of Appeals issued its final ruling and the time limit for any motion to

reconsider had run. The remittitur was returned to the Municipal Court and the court took up the motions.

In an order dated July 28, 2005, after taking testimony and evidence from Faltas and the City of Columbia during a hearing held on May 23, 2005, Judge Dennis ordered the defendant's case should be reopened and the previous shoplifting conviction should be set aside.

The City filed an appeal. Faltas filed a Petition for Writ of Mandamus with the South Carolina Supreme Court in an attempt to stop the appeal. The Petition for Writ of Mandamus was denied on August 11, 2005. The Supreme Court noted the defendant could petition the state circuit court to dismiss the appeal. The defendant also filed, contemporaneously with the Petition for Writ of Mandamus, an "emergency motion" in the Court of Common Pleas, asking that the Court direct the Clerk's office to "undocket" the appeal as "improvidently accepted for filing".

In the instant case the defendant has submitted, as exhibits, two letters signed by the Honorable G. Thomas Cooper, Jr., Presiding Judge for the Fifth Judicial Circuit. The first letter is addressed to counsel for the City of Columbia and Faltas. It states the City of Columbia had a right to appeal from Judge Dennis' order. Thus, it appears the emergency motion filed in the Court of Common Pleas by Faltas was denied. In a second letter submitted by Faltas as an exhibit in the above-captioned case, Judge Cooper determined that Judge Dennis' order was in error and should be reversed, based on the evidence presented at the 2004 trial, the May 2005 motion for a new trial, the transcripts of both hearings, the briefs and memoranda submitted by both parties, the affidavit of trial counsel, and Judge

Dennis' order. Faltas again petitioned the South Carolina Supreme Court for a writ of mandamus seeking to withhold the entry of the Judge Cooper's order until the constitutional issues were reviewed. Faltas' petition was denied.

The above-captioned case followed. According to the complaint, Faltas seeks both habeas relief and damages for violation of her civil rights. She alleges the Supreme Court of South Carolina, in it's "legislative role" as a rule maker, has enacted rules of criminal and civil procedure:

> which hinder/bar new evidence hearing and PCR based thereon during pendency of direct appeal, thus denying defendants who appeal directly the Sixth Amendment right to a speedy trial and irrationally denying them equal protection of the laws.

*See* Complaint @ 2.

She asks that the South Carolina Supreme Court be:

> enjoined to replace all unconstitutional parts of the challenged rules with language guaranteeing state criminal defendants constitutionally adequate speed in hearing after-discovered evidence regardless of direct appeal and guaranteeing them a non-appealable judgement of acquittal if after-discovered evidence justifies it.

Id. @ 2.

In short, Faltas claims that South Carolina's rules of procedure allow prosecutors to appeal judgements which she believes are constitutionally equivalent to judgements of acquittal. In other words, she believes that Judge Dennis' order should stand, and should not be appealable.

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

  Faltas is attempting to file both a habeas petition and a civil rights complaint at the same time in one pleading. Although she has failed to place her habeas claims on the proper form, the undersigned will address both her habeas claims and her civil rights claims in turn.

  With respect to her conviction for shoplifting, the petitioner's sole federal remedy is

a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted her state court remedies. *See* 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Faltas has not demonstrated that she has filed an application for post-conviction relief regarding her shoplifting conviction, nor has she demonstrated that she has appealed the denial of any application for post-conviction relief to the highest state court having jurisdiction over the matter.

Faltas argues that she has exhausted her state remedies by:

> clearly apprising state courts at every stage that she was invoking her federal constitutional rights. All documents she filed in the *City of Columbia v. Marie Assa'ad-Faltas* (italics in original) case in Columbia Municipal and Richland County Circuit Courts, and before the State Court of Appeals and Supreme Court, are incorporated herein by reference. Said documents were previously filed with or served on some or all Defendants. Specifically, she petitioned SC Supreme Court for mandamus to "undocket" the City's appeal as improvidently accepted for filing. Her petition was denied. (Exhibit B) Her motion to State Circuit Judge Cooper to dismiss the City's appeal was also denied. (Exhibit C and D) Judge Cooper just announced his intent to grant the City's appeal. (Exhibit E) She again petitioned SC Supreme Court for a writ of mandamus for Judge Cooper to withhold the entry of the order until that court reviews the constitutional issues. Her petition was denied. (Exhibits F, G, and H).

*See* Complaint @ 2.

Notably, Faltas does not state she has filed an application for post-conviction relief, nor does she cite any authority to show the filings, listed above, are appropriate substitutes for filing an application for post-conviction relief.

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South Carolina Code of Laws, is a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 & n. 1 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

Since the petitioner has a viable state court remedy which has not been fully utilized, the United States District Court for the District of South Carolina should not allow these habeas claims to remain on the docket while the petitioner is exhausting her state remedies. *See* Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also* Pitchess v. Davis, 421 U.S. 482, 490 (1975); and Lawson v. Dixon, 3 F.3d 743, 749 n. 4, (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

As for plaintiff's civil rights complaint, it is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a

> § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, *supra*. *See also* Schafer v. Moore, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995). *See also* Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996). *Accord* Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004).

Since the plaintiff has failed to establish that her conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, this action must be dismissed for failure to state a claim.

In addition, the South Carolina Supreme Court enjoys legislative immunity for legislative activities, such as rule-making, which the Court regularly performs. *See* Supreme Court of Virginia v. Consumers Union of U.S., 446 U.S. 719, 100 S. Ct. 1967 (U.S. Va. 1980)(when performing legislative functions the judiciary may assert legislative immunity as a defense); *cf* Bogan v. Scott-Harris, 523 U.S. 44 (1998)(noting that legislative immunity for legislative activities — on the federal, state, regional, and local levels — has "long been recognized in Anglo-American law");

Faltas claims that she is suing the South Carolina Supreme Court solely in its legislative capacity. Nonetheless, the members of the Court have judicial immunity from

damages for actions taken in their judicial capacities. *See* Mireles v. Waco, 502 U.S. 9, 116 L.Ed.2d 9, 112 S.Ct. 286 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also* Siegert v. Gilley, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789 ,(1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478, 114 L.Ed.2d 547, 562, 111 S.Ct. 1934 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Prosecutors, such as defendant Thye, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pre-trial "motions" hearings, and ancillary civil proceedings. *See* Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, supra, 114 L.Ed.2d at 561-562 & n. 6; and Hart v. Jefferson County, 1995 WESTLAW® 82277 (D.Ore., February 24, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity), *amended opinion reported at* 1995 WESTLAW® 399619 (D.Ore., June 15, 1995).

As a final matter, it is important to note that District Courts retain the authority to dismiss frivolous complaints *sua sponte*, even when a plaintiff has paid the required filing

fee. *See* Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000) ["District courts...are...capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."]; *cf.* Clark v. United States, 74 Fed.Appx. 561, 2003 WL 22025055 (6th Cir. (Mich.); Conner v. Greef, No. 03-5986, 2004 WL 898866, at \*\*1 (6th Cir. April 26, 2004) [Even where filing fee has been paid, District Court may dismiss a complaint *sua sponte* where it is "totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion"], citing Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000), and Hagans v. Lavine, 415 U.S. 528, 536-537 (1974). Such is the case here.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. \* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)];  ***The plaintiff's attention is directed to the important notice on the next page.***

Respectfully submitted,

                                                   s/Joseph R. McCrorey
                                                   United States Magistrate Judge

January 6, 2006
Columbia, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201
